Dear Mr. Millet:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been reassigned to me for resolution.
Your inquiry concerns whether the parish may impose restrictions defining closing hours for retail establishments licensed to sell alcoholic beverages located within a municipality. For the following reasons, we conclude that the local parish ordinance regulating closing hours does not supersede the local municipal ordinance regulating the closing hours of establishments located within corporate municipal limits.
There is statutory authorization for parish and municipal regulation of the closing hours of bars, saloons, and similar establishments. LSA-R.S. 26:493 provides, in part:
 "Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. . . ." (Emphasis added).
Further, state law recognizes that municipalities may issue and require local permits similar to those permits issued by the state. LSA-R.S. 26:274. Local licensing requirements may be imposed on certain establishments defined in LSA-R.S.26:241(13), which states:
 "(13) `Premises' or `premises to be licensed', means the building or that part of the building as defined in the application for the permit in which beverages of low alcoholic content are sold, except in cases where such beverages are regularly sold or served outside the building, the terms shall also include such outside area."
It has been the opinion of this office that the legislature has given control and jurisdiction over the incorporated areas of a municipality to the governing body of each particular municipality. The parish police jury exercises control and jurisdiction of all unincorporated areas of the parish. The parish and municipal governing authorities are separate and distinct governing bodies and neither can legally exert its authority outside its jurisdiction. See Attorney General Opinion Number 84-749, written to the Mayor of the Town of Church Point, attached.
LSA-R.S. 33:361 provides, in part:
 "Except as otherwise provided in this Part, a municipality shall be vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto. A municipality is further authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law."
In accordance with the provisions cited above, the municipality is given the authority to regulate the closing time of bars and similar establishments located within the corporate limits of the municipality. It is the opinion of this office that the parish police jury does not have the authority to impose parish restrictions on such establishments located within corporate limits of the municipality.
Should you have further questions regarding this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0221E